**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeremiah Ybarra, | Case No. 21-cv-993 (JRT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Kallis, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Jeremiah Ybarra's Petition for Writ of Habeas Corpus ("Petition"). [Docket No. 1].

Petitioner, who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, was found guilty after a jury trial in the United States District Court for the Western District of Texas on one count of possessing methamphetamine with intent to distribute. See, United States v. Ybarra, No. 4:16-cr-523 (DC) (W.D. Tex.). The conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit Court of Appeals. See, United States v. Ybarra, 749 F. App'x 278 (5th Cir. 2018) (per curiam). Petitioner also sought relief from his conviction and sentence in a motion filed in the Western District of Texas under 28 U.S.C. § 2255; that motion was recently denied. (See, Petition, [Docket No. 1], at 1).

While that § 2255 motion was pending in the Western District of Texas, Petitioner also sought habeas corpus relief from his conviction in this District. See, Ybarra v. Kallis, No. 20-cv-2091 (WMW/LIB) (D. Minn. filed Oct. 1, 2020). That petition was denied on the grounds that

Petitioner could not challenge his conviction or sentence in federal habeas proceedings in this District because of the exclusive-remedy rule of § 2255(e).

The exclusive-remedy rule provides that federal prisoners are to seek collateral relief from their conviction or sentence under § 2255, not through a petition for a writ of habeas corpus, unless § 2255 is "inadequate or ineffective to test the legality" of the prisoner's conviction or sentence. Id. A district court lacks the subject-matter jurisdiction to consider a habeas petition that runs afoul of the exclusive-remedy rule. See, DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

Neither the Supreme Court nor the United States Court of Appeals for the Eighth Circuit has set forth the exact contours of the exclusive-remedy rule. The Eighth Circuit Court of Appeals has made clear, though, that the rule applies very broadly. See, e.g., Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases). At a minimum, the petitioner seeking to avoid the exclusive-remedy rule must show that he "had no earlier procedural opportunity to present his claims." Abdullah, 392 F.3d at 963; accord, United States v. Barrett, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Petitioner faces the same problem in this present Petition as he faced in his earlier petition filed in this District. Each of the substantive claims raised in the present Petition—that Petitioner

2

was not in possession of a controlled substance at all and that the matter was not properly presented to a grand jury—could have been raised in other proceedings, such as at trial, on direct appeal, or in the § 2255 proceedings.[1] That Petitioner either did not raise these challenges or raised these challenges and was not successful does not render § 2255 inadequate or ineffective for purposes of the exclusive-remedy rule. This Court is without subject-matter jurisdiction to consider the merits of Petitioner's habeas claims challenging the validity of his conviction; the petition must therefore be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Dated: May 11, 2021                                s/Leo I. Brisbois
                                                   Hon. Leo I. Brisbois
                                                   United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[1] Petitioner conclusorily states that the judges involved in the § 2255 proceedings were biased against him and that § 2255 is therefore not an adequate or effective vehicle for relief in the specific circumstances of his case. (See, Petition, [Docket No. 1], at 3). But "the perceived bias of the trial court is not a basis for a section 2241 petition," as other non-habeas corpus remedies available to address that bias. Barnett v. Ebbert, 535 F. App'x 70, 72 (3d Cir. 2013) (per curiam); see, Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988).